# Brenske Declaration
# ATTACHMENT 2

| | |
|---|---|
| **From:** | BISCARRA, FERNANDO A |
| **To:** | Heather Jacobson; BRENSKE, KATHY |
| **Cc:** | CEE-INDUSTRIALMATERIALS; CAVADA, GLORIA; WALKOWIAK, JOHN F |
| **Subject:** | RE: Request for correction of errors in ACE liquidation status for certain entries |
| **Date:** | Wednesday, June 9, 2021 2:46:42 PM |

Ms. Jacobson,

When an entry is processed for liquidation and posted in the liquidation bulletin (link below) the entry is LIQUIDATED. In this case all entries that were ==processed for liquidation== has been ==liquidated== no matter what the basis is or was.

[Official Notice of Extension, Suspension and Liquidation - Customs and Border Protection (dhs.gov)](#)

Thank you.

**Fernando Biscarra**
*Supervisory Import Specialist*
*U.S. Customs and Border Protection*
*Industrial and Manufacturing Materials*
*Center of Excellence and Expertise*
*Los Angeles/Long Beach Seaport*
301 E. Ocean Blvd.
Long Beach, CA 90802
IMM Email: CEE-INDUSTRIALMATERIALS@CBP.DHS.GOV
ADCVD Email: IMMCEEADCVD@cbp.dhs.gov

**WARNING: This document is FOR OFFICIAL USE ONLY (FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval from the originator**

---

**From:** Heather Jacobson <hjacobson@TradeLawCounsel.com>
**Sent:** Wednesday, June 9, 2021 8:54 AM
**To:** BRENSKE, KATHY <kathy.brenske@cbp.dhs.gov>
**Cc:** CEE-INDUSTRIALMATERIALS <cee-industrialmaterials@cbp.dhs.gov>; BISCARRA, FERNANDO A <fernando.a.biscarra@cbp.dhs.gov>; CAVADA, GLORIA <GLORIA.CAVADA@CBP.DHS.GOV>; WALKOWIAK, JOHN F <JOHN.F.WALKOWIAK@CBP.DHS.GOV>
**Subject:** Re: Request for correction of errors in ACE liquidation status for certain entries

Dear Ms. Brenske,

Thank you, I appreciate your quick reply and your team's efforts to find a solution to help the importer with regard to the 2019 entries.  I respectfully ask whether it would be possible to forward this inquiry to OR&R for further review.  I can imagine that from a technical standpoint, the ACE system may not offer any clear means of making changes to the 2017 entries at this point in time.  However, from a legal standpoint, these entries simply are not liquidated, regardless of what

designation may have been entered for them after the fact.  As I have stated below, CBP cannot make an entry "deemed liquidated" merely by categorizing it as such – by law, an entry is only be deemed liquidated if (a) suspension of liquidation is lifted by Commerce, and (b) CBP fails to actively liquidate within six months of receiving notice of the lifting of suspension.  In this case, Commerce did not lift suspension of liquidation for Fraserview's entries, so the entries are definitionally not deemed liquidated.  As they are not deemed liquidated, and as CBP has not actively liquidated the entries (because the status was never changed to "liquidated", they are suspended.  I ask that OR&R consider this legal question separate from any practical issues that may exist with regard to implementation.

--

Heather Jacobson
JUNKER & NAKACHI
999 Third Avenue, Suite 2525
Seattle, WA 98104
(206) 774-0927
hjacobson@tradelawcounsel.com

---

**From:** "BRENSKE, KATHY" <kathy.brenske@cbp.dhs.gov>
**Date:** Tuesday, June 8, 2021 at 12:03 PM
**To:** Heather Jacobson <hjacobson@TradeLawCounsel.com>
**Cc:** CEE-INDUSTRIALMATERIALS <cee-industrialmaterials@cbp.dhs.gov>, "BISCARRA, FERNANDO A" <fernando.a.biscarra@cbp.dhs.gov>, "CAVADA, GLORIA" <GLORIA.CAVADA@CBP.DHS.GOV>, "WALKOWIAK, JOHN F" <JOHN.F.WALKOWIAK@CBP.DHS.GOV>
**Subject:** RE: Request for correction of errors in ACE liquidation status for certain entries

Good afternoon, Ms. Jacobson,

After consulting CBP management and considering all options, there is a chance to correct the 2019 entries that were processed for liquidation on 3-19-2021.  If a protest is submitted within 180 days of the entries being processed on 3-19-2021, CBP can suspend the protest/entries as Premature Liquidation of AD/CVD Entries.

Unfortunately, once an entry is liquidated as in the case of the 2017 entries, there is nothing that can be done.  Once an entry is processed for liquidation, either deemed or not, it is liquidated. When an entry  passes the 180th day after liquidation a protest can not be submitted.

Regards,

**Kathy Brenske**
**Sr. Import Specialist**

U.S. Customs & Border Protection
Industrial and Manufacturing Materials
Center of Excellence and Expertise
Teams 089 & 099
526 Water Street, Room 301, Port Huron, MI 48060
(810) 985-7125 Ext. 8012   Fax (810) 985-3516   Kathy.Brenske@cbp.dhs.gov

This document and any attachment(s) may contain restricted, sensitive, and/or law enforcement-sensitive information belonging to the U.S. Government.  It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient.

---

**From:** Heather Jacobson <hjacobson@TradeLawCounsel.com>
**Sent:** Monday, June 7, 2021 12:28 PM
**To:** BRENSKE, KATHY <kathy.brenske@cbp.dhs.gov>
**Cc:** CEE-INDUSTRIALMATERIALS <cee-industrialmaterials@cbp.dhs.gov>
**Subject:** Re: Request for correction of errors in ACE liquidation status for certain entries

Dear Ms. Brenske,

I understand that CBP has nonnegotiable time limits in terms of making changes to entries that have been liquidated, even if the liquidation occurred in error.  If the liquidation status said "Liquidated," then I agree, it would be too late to do anything.  However, the liquidation status says "Deemed Liquidated."  By definition, entries cannot be deemed liquidated in error – deemed liquidation occurs by operation of law six months after suspension is lifted.  Suspension of liquidation was not lifted for these entries and therefore, <u>by law, these entries cannot be deemed liquidated</u>.

This means that we are in a somewhat unique situation.  CBP did not liquidate these entries.  The entries are not deemed liquidated, and the mere fact that CBP has identified them as deemed liquidated does not make it so: it is not within CBP's power to cause an entry to be deemed liquidated when no lifting of suspension by Commerce has occurred, even by error.  Therefore, under the law, these entries <u>are not liquidated</u>.  The issue here is therefore not one in which an entry is liquidated in error, it is one where ACE incorrectly <u>identifies</u> the entry as deemed liquidated, when it actually is not.  This <u>is</u> something that CBP can correct.

The timing of the status change from "suspended" to "deemed liquidated" in ACE further underscores this point.  The system claims that the 2017 entries were "deemed liquidated" on 8/7/2020, that status was not entered into ACE until 9/2/2020, nearly a month later.  For the 2019 entries, the system claims that deemed liquidation occurred on 9/10/2020, but the entries' status was not changed to deemed liquidated in ACE until 3/19/2021 – more than 180 days after the alleged deemed liquidation.  This clearly shows that the manual entry of deemed liquidation for these entries, occurring well after the date on which it is alleged to have occurred, was just a matter of CBP attempting to have the system reflect a change that they believed occurred by operation of law.  In this case, I imagine that the import specialist reviewing entries did not realize that Fraserview's entries remained suspended, because its name does not fall under the "Fs" in the alphabetical list of companies subject to continued suspension, and therefore incorrectly believed

that the entries were deemed liquidated by operation of law. Again, to emphasize the point, the fact that the import specialist mistakenly believed the entries to be deemed liquidated, and as a result incorrectly changed their status to deemed liquidated in ACE, does <u>not</u> make the entries deemed liquidated. Because suspension of liquidation has not been lifted for these entries, and because CBP did not actively liquidate the entries, the entries <u>are not liquidated</u>, and therefore CBP can and should correct the error in status.

I look forward to hearing from you.

--

Heather Jacobson
JUNKER & NAKACHI
999 Third Avenue, Suite 2525
Seattle, WA 98104
(206) 774-0927
hjacobson@tradelawcounsel.com


**From:** "BRENSKE, KATHY" <kathy.brenske@cbp.dhs.gov>
**Date:** Monday, June 7, 2021 at 9:03 AM
**To:** Heather Jacobson <hjacobson@TradeLawCounsel.com>
**Cc:** CEE-INDUSTRIALMATERIALS <cee-industrialmaterials@cbp.dhs.gov>
**Subject:** RE: Request for correction of errors in ACE liquidation status for certain entries

Dear Ms. Jacobson,

I concur that the entries were deem liquidated in error. However, CBP cannot make changes to an entry that is liquidated with two exceptions:

1. 501 Reliquidation Authority: CBP may reliquidate an entry after liquidation occurs, but must do so within 90 days of the original liquidation.
2. If an entry is subject to injunction and is liquidated an error then CBP may request permission for a Court Ordered Void Liquidation (COVL).

Neither instance is applicable in this instance. The only option that could have been done is for the IOR/Broker to file a timely protest (within 180 days of the CBP determination/liquidation). Unfortunately, is too late even for that. I am afraid there is nothing that can be done legally at this point.

2017 entries (80 entries) liquidated 8-07-2020.   180 days deadline would have expired around February 7, 2021.
2019 entries (830 entries liquidated 9-10-2020.   180 days deadline would have expired around March 7, 2021.

Regards,

**Kathy Brenske**
**Sr. Import Specialist**
U.S. Customs & Border Protection
Industrial and Manufacturing Materials
Center of Excellence and Expertise
Teams 089 & 099
526 Water Street, Room 301, Port Huron, MI 48060
(810) 985-7125 Ext. 8012   Fax (810) 985-3516   Kathy.Brenske@cbp.dhs.gov

This document and any attachment(s) may contain restricted, sensitive, and/or law enforcement-sensitive information belonging to the U.S. Government.  It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient.

---

**From:** Heather Jacobson <hjacobson@TradeLawCounsel.com>
**Sent:** Thursday, June 3, 2021 5:55 PM
**To:** CEE-INDUSTRIALMATERIALS <cee-industrialmaterials@cbp.dhs.gov>
**Subject:** Request for correction of errors in ACE liquidation status for certain entries

> **CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. If you feel this is a suspicious-looking email, please report by using the Report Phish button option.

Dear IMM Center,

I am writing on behalf of my client, Fraserview Remanufacturing Inc., to request your assistance in removing erroneous "deemed liquidation" designations for a number of its entries.  These entries are properly suspended pursuant to Commerce instructions.  As such, they <u>are not deemed liquidated</u>, and the ACE designation is in error.  I respectfully request that CBP remove the "deemed liquidation" designation and correctly identify the entries as suspended in ACE.

The entries in question, which are listed in the attached ES-702 report, consist of softwood lumber from Canada that was manufactured and exported by Fraserview Remanufacturing Inc. in 2017 and 2019.  For each time period, Commerce has instructed CBP to suspend liquidation of entries of softwood lumber produced and/or exported by Fraserview Remanufacturing Inc., in the following messages:

- Instructions pertaining to 2017-18 entries:
    - **Commerce Message No. 9114305 (April 24, 2019):** Instructions to continue suspension of liquidation for 2017-18 entries of softwood lumber produced and/or exported by "752615 B.C Ltd, Fraserview Remanufacturing Inc, DBA

     Fraserview Cedar Products" pursuant to first administrative review in A-122-857.
   - **Commerce Message No. 9113306 (April 23, 2019):** Instructions to continue suspension of liquidation for 2017-18 entries of softwood lumber produced and/or exported by "752615 B.C Ltd, Fraserview Remanufacturing Inc, DBA Fraserview Cedar Products" pursuant to first administrative review in C-122-858.
   - **Commerce Message No. 0079405 (March 19, 2020):** Instructions to continue suspension of liquidation for 2017-18 entries of softwood lumber produced and/or exported by "752615 B.C Ltd, Fraserview Remanufacturing Inc, DBA Fraserview Cedar Products" pursuant to first administrative review in A-122-857.
   - **Commerce Message No. 0083409 (March 23, 2020):** Instructions to continue suspension of liquidation for 2017-18 entries of softwood lumber produced and/or exported by "752615 B.C Ltd, Fraserview Remanufacturing Inc, DBA Fraserview Cedar Products" pursuant to first administrative review in C-122-858.
- Instructions pertaining to 2019 entries:
   - **Commerce Message No. 0140401 (May 19, 2020):** Instructions to continue suspension of liquidation for 2019 entries of softwood lumber produced and/or exported by "752615 B.C Ltd, Fraserview Remanufacturing Inc, DBA Fraserview Cedar Products" pursuant to second administrative review in A-122-857.
   - **Commerce Message No. 0111401 (April 20, 2020):** Instructions to continue suspension of liquidation for 2019 entries of softwood lumber produced and/or exported by "752615 B.C Ltd, Fraserview Remanufacturing Inc, DBA Fraserview Cedar Products" pursuant to second administrative review in C-122-858.

All of the entries in question were correctly identified in the entry filings as produced and exported by **Fraserview Remanufacturing Inc.** As such, they are subject to continued suspension of liquidation per the above-referenced instructions.

This is not a case in which entries were liquidated in error, because the entries in question were not liquidated by CBP. Rather, an individual at CBP appears to have incorrectly changed the liquidation status of these entries to "deemed liquidated" by operation of law. For the 2017 entries, the report indicates that the status of the entries was changed on September 3, 2020, nearly a month after the date on which deemed liquidation is purported to have occurred. For the 2019 entries, the report indicates that the status of the entries was changed on March 29, 2021- more than six months after deemed liquidation is purported to have occurred.

Deemed liquidation that either occurs or does not occur by operation of law, depending on whether the statutory criteria for deemed liquidation exist. Per 19 U.S.C. § 1504(d), when a suspension of liquidation is removed, any entry not liquidated by CBP within 6 months of CBP receiving notice of lifting of the suspension "shall be treated as having been liquidated" – i.e., deemed liquidated – "at the rate of duty, value, quantity, and amount of duty asserted by the importer of record" at the time of entry. As such, CBP's designation of an entry as "deemed liquidated" in ACE is merely descriptive – CBP cannot cause an entry to be liquidated by

identifying it as "deemed liquidated," any more than it can prevent an entry from becoming deemed liquidated by failing to update its ACE liquidation status.  If the criteria of § 1504(d) are satisfied, an entry is deemed liquidated whether or not it is identified as such in ACE.  If the criteria of § 1504(d) are not satisfied and CBP has not actively liquidated the entry, the entry <u>remains suspended</u> regardless of how it is identified in ACE.

The suspension of liquidation for the subject entries has not yet been lifted by Commerce.  As such, the criteria of § 1504(d) have not occurred, and the entries are not deemed liquidated.  The ACE designations are therefore in error, and I respectfully request that they be corrected to accurately reflect that these entries remain suspended.  CBP has the power to make this change because the entries are not liquidated – their designation as such is merely a correctable clerical error.

Thank you very much for your assistance in this matter.


--

Heather Jacobson
JUNKER & NAKACHI
999 Third Avenue, Suite 2525
Seattle, WA 98104
(206) 774-0927
hjacobson@tradelawcounsel.com