## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE TIMOTHY M. REIF

| | |
|---|---|
| FRASERVIEW REMANUFACTURING INC., <br>    Plaintiff, <br><br>vs. <br><br>UNITED STATES, *et al*, <br>    Defendants. | **Court Nos. 22-00244, 23-00063** |

### PLAINTIFF'S MOTION TO DESIGNATE A TEST CASE, AND TO SUSPEND ACTIONS THEREUNDER

In accordance with Rules 7 and 83 of the Rules of the United States Court of International Trade, Plaintiff Fraserview Remanufacturing Inc. ("Fraserview") respectfully moves that this Court designate case no. 22-00244 as a test case, and suspend case no. 23-00063 under that test case. Fraserview is actively litigating case 22-00244 in this Court and intends to continue to do so following test case designation, should it be granted.

Fraserview has consulted with Defendant in accordance with Rule 7(f) with regard to the issues involved in this motion; Defendant has declined to consent to the motion.

Pursuant to Rule 83(e)-(g), designation of a case as a test case, and suspension of another case under that test case, is appropriate if both cases involve "the same significant question of law or fact." Fraserview submits that this Court's jurisdiction to hear case nos. 22-00244 and 23-00063 under 28 U.S.C. § 1581(i) depends on the same significant question of law or fact, and that it is appropriate to designate case 22-00244 as a test case for the resolution of that question.

Both case no. 22-00244 and case no. 23-00063 contest the designation by U.S. Customs & Border Protection ("CBP") of certain entries as "deemed liquidated" despite the existence of valid instructions from the U.S. Department of Commerce ("Commerce") that liquidation of the

1

entries should remain suspended.  In both cases, Fraserview has claimed the Court's jurisdiction under 28 U.S.C. § 1581(i), on the grounds that CBP's actions in designating the entries as deemed liquidated were not protestable actions under 19 U.S.C. § 1514, and therefore jurisdiction is unavailable under 28 U.S.C. § 1581(a).  In the earlier-filed case no. 22-00241, the Defendant has filed a motion to dismiss for lack of subject matter jurisdiction, in which it argues that CBP's actions were protestable under 19 U.S.C. § 1514, and therefore jurisdiction under 28 U.S.C. § 1581(i) is unavailable.

While Defendant has not yet filed a motion to dismiss in case no. 23-00063, the jurisdictional question in that case is identical to that of case no. 22-00244: whether jurisdiction is or could have been available under 28 U.S.C. § 1581(a) via appeal from an administrative protest.  If CBP's actions – which are the same in both cases – were not protestable, then jurisdiction under 28 U.S.C. § 1581(a) is unavailable and this Court has jurisdiction to hear both cases under 28 U.S.C. § 1581(i).  If CBP's actions were protestable, then jurisdiction under § 1581(i) is unavailable in either case unless jurisdiction under § 1581(a) is found to be "manifestly inadequate."  *See International Customs Products, Inc. v. United States*, 467 F.3d 1324, 1327 (Fed. Cir. 2006).

This question of protest availability is the "same significant question of law or fact" in both case no. 22-00244 and case no. 23-00063, despite the fact that a protest was filed for the entries in case no. 23-00063 but not for the entries in case no. 22-00244.  Fraserview filed an administrative protest with regard to the entries in case 23-00063 on instructions from CBP, which asserted that protest was an available remedy for those entries.  If CBP is incorrect in that assertion – if its designation of the entries in case no. 23-00063 as deemed liquidated is not protestable as a matter of law under 19 U.S.C. § 1514 – then the protest filed by Fraserview is

void and without effect. As such, that a protest was filed for the entries in case no. 23-00063 is immaterial to the central question of both case no. 22-00244 and case no. 23-00063: whether 19 U.S.C. § 1514 authorizes a protest to be filed to contest designation of entries as deemed liquidated contrary to valid suspension instructions.

Fraserview respectfully submits that designating case no. 22-00244 as a test case, and suspending case no. 23-00063 under case no. 22-00244 pending resolution of the jurisdictional question in the test case, promotes judicial efficiency and preservation of time and resources, by avoiding the need for duplicative jurisdictional briefing and arguments in both cases.

For the reasons set forth above, Fraserview respectfully requests that case no. 22-00244 be designated a test case, and that case no. 23-00063 be suspended thereunder pending a final decision in case no. 22-00244 regarding the availability of jurisdiction under 28 U.S.C. § 1581(i).

Respectfully submitted,

/s/ Heather Jacobson
HEATHER JACOBSON
Nakachi Eckhardt & Jacobson, P.C.
2815 Elliott Avenue, Suite 100
Seattle, WA 98121-2991
Tel: (206) 774-0927
Email: hjacobson@tradelawcounsel.com

*Counsel for Plaintiff Fraserview Remanufacturing Inc.*

Dated: May 2, 2023