## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE TIMOTHY M. REIF

| | |
|---|---|
| FRASERVIEW REMANUFACTURING INC., <br><br>                Plaintiff, <br>   v. <br><br>UNITED STATES, *et al*, <br><br>                Defendant. | Court No. 22-00244 <br> Court No. 23-00063 |

### ORDER

Upon review of plaintiff's Motion to Designate a Test Case, and to Suspend Actions Thereunder, the Government's response thereto, and upon consideration of all other papers and proceedings had herein, it is hereby

**ORDERED** that plaintiff's motion be, and hereby is denied.

                                                                                         _____
                                                                                                     Judge

Dated: _____
New York, New York

0

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE TIMOTHY M. REIF

| | |
|---|---|
| FRASERVIEW REMANUFACTURING INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, *et al*, <br><br> Defendant. | Court No. 22-00244 <br> Court No. 23-00063 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DESIGNATE A TEST CASE AND TO SUSPEND ACTIONS THEREUNDER**

Defendant, the United States *et. al.* (the "Government"), respectfully submits this response in opposition to Plaintiff Fraserview Remanufacturing Inc.'s ("Fraserview" or "plaintiff") Motion to Designate a Test Case, and to Suspend Actions Thereunder ("Motion"). *See* Motion to Designate a Test Case, and to Suspend Actions Thereunder (Court No. 22-00244, ECF No. 17) (Court No. 23-00063, ECF No. 9). In the Motion, plaintiff requests that the Court designate Court No. 22-00244 as a test case, and suspend this case, Court No. 23-00063, under that test case. *Id.* at 1.

The Government opposes this motion because it has moved to dismiss both Court No. 22-00244 and Court No. 23-00063 for lack of subject-matter jurisdiction, for the reasons described in its motions to dismiss those cases. *See* Def.'s Mot. to Dismiss the Compl. (Court No. 22-00244, ECF No. 10); Def.'s Mot. to Dismiss the Compl. (Court No. 23-00063, ECF No. 17). Where a Court lacks subject matter jurisdiction over a case, the appropriate action is to dismiss, not suspend or consolidate, the case. *See Hitachi Home Electronics (America), Inc. v. United States,* 704 F. Supp. 2d 1315, 1322 (Ct. Int'l Trade 2010), *aff'd,* 661 F.3d 1343 (Fed. Cir. 2011), *reh'g en banc denied,* 676 F.3d 1041 (Fed. Cir. 2012) (dismissing for lack subject-matter jurisdiction a complaint filed prior to CBP's final resolution of an administrative protest and

denying as moot a motion to consolidate and designate a test case)[1]; *Medline Indus., Inc. v. United States*, 911 F. Supp. 2d 1358, 1361-62 (Ct. Int'l Trade 2013) (dismissing for lack of subject-matter jurisdiction a complaint challenging a scope determination where the agency emailed, but did not "mail[,]" the determination to the party in accordance with 19 U.S.C. § 1516a(a)(2)(A)(ii) and denying as moot a motion to consolidate the complaint under a test case)[2]. Designation of Court No. 22-00244 as a test case and suspension of Court No. 23-00063 beneath the test case cannot cure the defect in Fraserview's jurisdictionally invalid complaints.

In addition, the jurisdictional facts and posture of Court No. 22-00244 and Court No. 23-00063 are distinct such that Court No. 22-00244 will not "serve as a test for the right of recovery" in Court No. 23-00063. *See* USCIT Rule 83(e). USCIT Rule 83(e) defines a "test case" as "an action, selected from a number of other pending actions involving the same significant question of law or fact that is intended to proceed first to final determination and serve as a test of the right to recovery in the other actions." *Id.* Similarly, USCIT Rule 83(g) provides that "[a]n action may be suspended under a test case if both involve the same significant question of law or fact." Here, Court No. 22-00244 and Court No. 23-00063 do not "involve the same significant question of law or fact." *See* USCIT Rule 83(g). As such, the Court should deny the Motion.

---

[1] Although the Court's decision describes the motion at issue in *Hitachi* as a motion to consolidate, a review of the filings in that case, Court No. 09-000191, demonstrates that the plaintiff requested that the Court designate that case as a test case and consolidate other cases it had filed under Court No. 09-000191 as a test case. *See* Pl.'s Opp'n to Mot. to Dismiss & Pl.'s Cross Mots. for Summary J. and Consol. (Court No. 09-000191, ECF No. 25).

[2] The plaintiff in *Medline* filed two cases and recognized that one might be jurisdictionally deficient but sought to designate one as a test case and stay the other case. *See* Mot. To Consol. at 2 (Court No. 13-00031, ECF No. 18)

Court No. 22-00244 involves a set of 80 entries that were entered during the first administrative review of the countervailing ("CVD") and antidumping ("AD") orders on certain softwood lumber from Canada (the "AD/CVD Orders"). Bishop Declaration ¶ 4 (Court No. 22-00244, ECF No. 14-1). CBP personnel determined that the entries at issue in Court No. 22-00244 had liquidated by operation of law pursuant to 19 U.S.C. § 1504(d) and posted notices of liquidation on CBP's website despite instructions from the U.S. Department of Commerce ("Commerce") directing suspension of liquidation for entries of subject merchandise covered by the first administrative reviews of the AD/CVD Orders, including Fraserview's entries. *Id.* ¶¶ 5-9. As described in the Government's Motion to Dismiss Court No. 22-00244, Fraserview did not file an administrative protest within 180 days of the date on which CBP posted official notices of liquidation. *See* Defendant's Motion to Court No. 22-00244 at 7. Because CBP's determination that the entries at issue in that case had liquidated by operation of law is a protestable decision and Fraserview did not file a protest, the liquidation of those entries became final pursuant to 19 U.S.C. § 1514(b). *Id.* at 12-22. Jurisdiction is therefore not available under 28 U.S.C. § 1581(i) because Fraserview would have had an alternative and adequate remedy under 28 U.S.C. § 1581(a) if it had filed a valid protest. *Id.*

By contrast, Court No. 23-00063 involves a separate set of 830 entries that were entered during the second administrative review of the AD/CVD Orders. *See* Bishop Decl. in Court No. 23-00063 ¶ 12 (Court No. 23-00063, ECF No. 18). CBP personnel determined that the entries at issue in Court No. 23-00063 had liquidated by operation of law pursuant to 19 U.S.C. § 1504(d) and posted notices of liquidation on CBP's website despite instructions from Commerce directing suspension of liquidation for entries of subject merchandise covered by the second administrative reviews of the AD/CVD Orders, including Fraserview's entries. *See* Bishop Decl.

3

¶¶ 7-10. However, in Court No. 23-00063, Fraserview *did* file an administrative protest within 180 days of the date on which CBP posted office notices of liquidation. *See* Bishop Decl. ¶ 12. Fraserview's protest in connection with the entries in Court No. 23-00063 is still pending and therefore the liquidation of these entries can be corrected or adjusted upon the resolution of that protest. *See id.* As described in the Government's motion to dismiss, once CBP ultimately reaches a determination concerning that protest, if CBP denies the protest, Fraserview will have the opportunity to commence a civil action under 28 U.S.C. § 1581(a) and seek relief from this Court. *See id.* at 8-9.

In sum, the Court lacks subject-matter jurisdiction over Court No. 23-00063 and Court No. 22-00244, as described more fully in the Government's corresponding motions to dismiss filed in both cases. However, the reasons why the Court lacks subject-matter jurisdiction is different in both cases and the jurisdictional facts at issue in both cases are distinct. Therefore, the Government respectfully requests that the Court deny the Plaintiff's Motion.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Aimee Lee
Assistant Director

/s/ Elisa S. Solomon
ELISA S. SOLOMON
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, New York 10278
(212) 264-0583

*Attorneys for Defendant*

Of Counsel:
Sabahat Chaudhary
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

July 11, 2023

5

**CERTIFICATE OF COMPLIANCE**

I, Elisa S. Solomon, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's opposition to plaintiff's Motion to Designate a Test Case, and to Suspend Actions Thereunder, dated July 11, 2023, relying on the word count feature of the word processing program used to prepare the opposition, certify that this memorandum complies with the limitation under the Court's applicable rules, and contains 1,225 words and 4 pages.

/s/ Elisa S. Solomon