

CHAMBERS OF
TIMOTHY M. REIF
JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE
ONE FEDERAL PLAZA
NEW YORK, N.Y. 10278-0001

October 19, 2023

**VIA CM/ECF**

       Re:    *Fraserview Remanufacturing Inc. v. United States of America*
             Court No. 22-00244

Dear Counsel:

      Oral argument in this action is scheduled for October 26, 2023, at 10:00 ET in Courtroom No. 1 of the U.S. Court of International Trade, One Federal Plaza, New York, New York, with the option to appear via video conference.  In preparation for oral argument, the court would like counsel to be prepared to address the following issues. As the court continues to review the documents in this case or as the argument progresses, the court may decide to ask additional questions.

      Please be advised that the court prefers to conduct oral argument interactively, allowing each party to respond to the question presented before moving on to the next question.  To facilitate this interaction, counsel are welcome to remain seated for the duration of the hearing.

## I.   Whether erroneous deemed liquidation decisions are subject to protest under 19 U.S.C. § 1514(a)

1.   Notices of the deemed liquidations were posted on September 2, 2020, and September 3, 2020.  Declaration of Kathy Brenske, Attach. 1, ECF No. 10-4. Plaintiff states that it did not become aware of the deemed liquidation until May 2021.  Compl. ¶ 43, ECF No. 2.  Please explain the circumstances by which plaintiff discovered that the entries had been deemed liquidated.

     A.   Please explain the normal process by which importers discover or are otherwise informed that their entries have liquidated or been deemed liquidated.

     B.   Under 19 C.F.R. § 159.9(d), "[Customs] will endeavor to provide the entry filer . . . with a courtesy notice of liquidation for all electronically filed entries

. . . deemed liquidated by operation of law." Did Customs provide plaintiff with a courtesy notice when Customs processed the entries as deemed liquidated?

2.  19 U.S.C. § 1514(a)(5) provides expressly that decisions as to the deemed liquidation of an entry under 19 U.S.C. § 1504 are protestable decisions.

   A.  Is it plaintiff's position that deemed liquidation decisions are protestable only where Customs fails to liquidate in accordance with Commerce's final assessment rate and instead determines that the entries had been deemed liquidated at the entry rate? *See Koyo Corp. of U.S.A. v. United States*, 497 F.3d 1231 (Fed. Cir. 2007).

   B.  If so, please provide authority supporting the position that § 1514(a) requires treating deemed liquidation decisions that are inconsistent with Commerce's instructions to *liquidate* differently than deemed liquidation decisions that are inconsistent with Commerce's instructions to *suspend liquidation*.

3.  The Federal Circuit has held that in the context of erroneous designations of deemed liquidation, the court need not examine whether deemed liquidation has occurred because Customs' decision "to acknowledge that liquidation, deemed or otherwise, had occurred falls within the purview of section 1514(a) and is, therefore, 'final and conclusive upon *all* persons[.]'" *Cemex, S.A. v. United States*, 384 F.3d 1314, 1323 (Fed. Cir. 2004) (emphasis in original).

   A.  Plaintiff's position rests on its assertion that liquidation has not occurred. Pl. Resp. to Mot. to Dismiss ("Pl. Resp. Br.") at 6, ECF No. 11. Plaintiff argues that there was no protestable decision because the entries were unliquidated when they were designated as deemed liquidated. *Id.* How does plaintiff reconcile its position with the Federal Circuit's holding in *Cemex* that treating entries as deemed liquidated even when such liquidation has not in fact occurred is a protestable decision?

   B.  Please provide an explanation for why Congress amended § 1514(c)(3)(A) to strike "notice of" and insert "date of" liquidation. *See* Miscellaneous Trade and Technical Corrections Act of 2004, sec. 2103, § 1514(a), 118 Stat. 2434. Does the amendment to the statute require the court to depart from the holding in *Cemex*?

4.  The parties contest the relevance of the holding of the U.S. Court of International Trade in *LG Electronics U.S.A., Inc. v. United States*, 21 C.I.T. 1421, 991 F. Supp. 668 (1997). In 2004, subsequent to the *LG Electronics* decision, Congress amended § 1514(a)(5) expressly to cross reference "liquidation . . . pursuant to . . . section 1504 . . . ." Miscellaneous Trade and Technical Corrections Act of 2004,

sec. 2103, § 1514(a), 118 Stat. 2434.  How, if at all, does that amendment affect the applicability of *LG Electronics* to this case?

## II.   Whether the protest period has commenced under § 1514(c)(3)

1.   Under § 1514(c)(3), "a protest of a decision, order, or finding described in subsection (a) shall be filed with the Customs Service within 180 days after but not before (A) [the] date of liquidation or reliquidation, or (B) in circumstances where subparagraph (A) is inapplicable, the date of the decision as to which protest is made."  With respect to the date on which the protest window commenced:

   A.   In prior deemed liquidation decisions, please explain whether the protest window commenced on "the date of the expiration of the appropriate statutory period" or on the date that Customs determined that deemed liquidation had occurred and posted the bulletin notice.  19 C.F.R. § 159.9(c)(2)(i).

   B.   Please explain why the protest period should commence the date of liquidation notice in the instant case if the protest period commenced the date of the expiration of the appropriate statutory period in previous deemed liquidation decisions.

2.   Defendant states that plaintiff could have filed its protest within 180 days of Customs' posting of the liquidation notices under 19 C.F.R. § 174.12(e)(1).  Def. Reply Br. at 21, ECF No. 14.  Plaintiff notes that protest after the date of notice of liquidation — and not after the date of liquidation — applies only to entries prior to December 18, 2004.  Pl. Resp. Br. at 20 n.5 (citing 19 C.F.R. § 159.9(c)(2)(iii)).  Entries on or after December 18, 2004, must be protested within 180 days of the date of liquidation of an entry by operation of law.  19 C.F.R. § 159.9(c)(2)(iii).  Assuming § 1514(c)(3)(A) is applicable, can § 159.9(c)(2)(iii) be reconciled with defendant's position that plaintiff should have filed a protest within 180 days of the date of notice of liquidation?

3.   Plaintiff asserts that "the omission of other enumerated categories of protestable decisions, including decisions as to 'liquidation or reliquidation' provided for in 1514(a)(5), from this list of examples evinces a clear position by CBP that the omitted statutory categories are not examples of decisions that do not 'involve' liquidation or reliquidation."  Pl. Resp. Br. at 21.  What authority supports the proposition that the list in 19 C.F.R. § 174.12(e)(2) is an exhaustive list of decisions that do not involve liquidation?

   Parties may raise other issues that they consider to be of highest importance. Thank you for your assistance and cooperation.

Sincerely,

/s/ Timothy M. Reif

_____

Timothy M. Reif, Judge