Slip Op. 24-8

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **FRASERVIEW REMANUFACTURING INC.,** | |
| Plaintiff, | **Before: Timothy M. Reif, Judge** |
| v. | **Court No. 22-00244** |
| **UNITED STATES, ET AL.,** | |
| Defendants. | |

### OPINION

[ Denying defendant's motion to dismiss. ]

Dated:   January 25, 2024

Heather Jacobson, Nakachi, Eckhardt & Jacobson, P.C., of Seattle, WA, argued for plaintiff Fraserview Remanufacturing Inc.

Mathias Rabinovitch, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., argued for defendant United States.  With him on brief were Elisa S. Solomon, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, Aimee Lee, Assistant Director and Justin R. Miller, Attorney-in-Charge, International Trade Field Office.  Of counsel on the brief was Sabahat Chaudhary, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

* * *

Reif, Judge:  Fraserview Remanufacturing Inc. ("plaintiff") brings the instant case

to challenge the designation by U.S. Customs and Border Protection ("Customs") of 80

entries of plaintiff's softwood lumber imports from Canada (the "entries") as "deemed

liquidated" while the entries were subject to suspension of liquidation instructions from

the U.S. Department of Commerce ("Commerce").  Compl. ¶ 1, ECF No. 2; *see* Pl.'s

Resp. to Def.'s Mot. to Dismiss ("Pl. Resp. Br."), ECF No. 11.

Plaintiff's entries were subject to the first administrative reviews by Commerce of

the antidumping duty ("AD") and countervailing duty ("CVD") orders on certain softwood

lumber products from Canada.  *See* Compl. ¶¶ 29-30; *Certain Softwood Lumber*

*Products from Canada: Initiation of Antidumping and Countervailing Duty Administrative*

*Reviews* ("*Initiation of Administrative Review*"), 84 Fed. Reg. 12,209 (Dep't of

Commerce Apr. 1, 2019); *see also Antidumping Duty Order and Partial Amended Final*

*Determination* ("*Softwood Lumber AD Order*"), 83 Fed. Reg. 350 (Dep't of Commerce

Jan. 3, 2018); *Certain Softwood Lumber Products from Canada: Amended Final*

*Countervailing Duty Determination and Countervailing Duty Order* ("*Softwood Lumber*

*CVD Order*"), 83 Fed. Reg. 347 (Dep't of Commerce Jan. 3, 2018); *Certain Softwood*

*Lumber Products from Canada: Final Results of Antidumping Duty Administrative*

*Review; 2017-2018*, 85 Fed. Reg. 76,519 (Dep't of Commerce Nov. 30, 2020); *Certain*

*Softwood Lumber Products from Canada: Final Results of the Countervailing Duty*

*Administrative Review; 2017-2018*, 85 Fed. Reg. 77,163 (Dep't of Commerce Dec. 1,

2020).

Plaintiff observes that Customs acted unlawfully in designating the 80 entries as

"deemed liquidated" and argues that the U.S. Court of International Trade ("USCIT" or

the "Court") has subject matter jurisdiction to hear the instant case pursuant to 28

U.S.C. § 1581(i).  *See* Compl. ¶¶ 1-3.  Plaintiff requests that the Court "issue a

declaratory judgment that the entries in question remain suspended" and, further, order

Customs to "correct [the] liquidation status designation" of these entries in the ACE

system.  *Id.* ¶ 4.  Alternatively, plaintiff requests that the Court "set aside liquidation of the entries as in error, and . . . direct [Customs] to place the entries back in suspended liquidation status or to reliquidate the subject entries in accordance with the final liquidation instructions to be issued by Commerce."  *Id.*

Defendant, the United States ("defendant"), maintains that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1581(i) and moves to dismiss the instant case pursuant to USCIT Rule 12(b)(1).  *See* Def.'s Mot. to Dismiss the Compl. ("Def. Mot. to Dismiss") at 1, ECF No. 10; Def.'s Reply in Supp. of its Mot. to Dismiss ("Def. Reply Br.") at 1-2, ECF No. 14; USCIT R. 12(b)(1).

Defendant asserts that although Customs acknowledged that its designation in the ACE system of plaintiff's 80 entries as "deemed liquidated" was erroneous, *see* Def. Mot. to Dismiss, Decl. of Kathy Brenske ("Brenske Decl."), Attach. 2 at 4, ECF No. 10-6, plaintiff failed to timely protest this designation in accordance with section 514 of the Tariff Act of 1930, 19 U.S.C. § 1514(a).[1]  *See* Def. Mot. to Dismiss at 12-13 (quoting 19 U.S.C. § 1514(a)); Def. Reply Br. at 3, 7, 13.  Defendant argues that "if plaintiff had filed a timely protest pursuant to 19 U.S.C. § 1514(a), plaintiff could have challenged" before this Court "any adverse decision" by Customs pursuant to 28 U.S.C. § 1581(a).  Def. Mot. to Dismiss at 12.  Defendant contends, however, that the failure of plaintiff to timely protest Customs' decision forecloses plaintiff from now invoking the Court's jurisdiction under 28 U.S.C. § 1581(i).  *See id.* at 11.

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code.

For the reasons discussed below, the court denies defendant's motion to
dismiss.  In addition, the court declares that Customs' designation of plaintiff's entries as
deemed liquidated is null and void and that, as a result, such designation is set aside.
The court orders Customs to correct the liquidation status of plaintiff's entries in
accordance with Commerce's original set of instructions, pending the result of any
administrative proceedings or binational panel review under the United States Mexico
Canada Agreement.  The court directs Customs further to file with the court the
corrected liquidation status of plaintiff's entries within 90 days of the date of this opinion
and order.

## BACKGROUND

Plaintiff is a Canadian exporter of softwood lumber that, together with the related
entity 0752615 B.C. Ltd., does business under the commercial name Fraserview Cedar
Products.[2]  Compl. ¶ 5.

On April 28, 2017, and June 30, 2017, Commerce ordered the suspension of
liquidation and collection of CVD and AD duty cash deposits on entries of softwood
lumber from Canada after affirmative preliminary CVD and AD determinations.  *Id.* ¶¶
23-24.  On August 26, 2017, Commerce instructed Customs to lift the suspension of
liquidation of softwood lumber entries in the CVD investigation and stop collecting CVD
duties.  Def. Mot. to Dismiss at 4; Compl. ¶ 26.  In accordance with Commerce's

---

[2] Customs' records indicate that the importer of record was "0752615BC LTD.
FRASERVIEW REMANU," Def. Mot. to Dismiss at 1 n.1, a party related to plaintiff,
which asserts that it was "adversely affected or aggrieved" by Customs' designation of
plaintiff's entries as deemed liquidated.  Compl. ¶¶ 5, 17 (citing 28 U.S.C. § 2631(i)).

directions, plaintiff paid the relevant AD cash deposits.  Def. Mot. to Dismiss at 5 n.2;

Compl. ¶ 25.

On January 3, 2018, Commerce published its final AD and CVD Orders with

respect to imports of softwood lumber from Canada.  *See Softwood Lumber AD Order*,

83 Fed. Reg. 350; *Softwood Lumber CVD Order*, 83 Fed. Reg. 347.  On January 21,

2019, Fraserview timely requested an AD administrative review.  Compl. ¶¶ 29-30.

On April 1, 2019, Commerce initiated the first administrative reviews of the

Softwood Lumber AD and CVD Orders.  *Id.*  The first period of review ("POR 1") with

respect to the Softwood Lumber AD Order was from June 30, 2017, through December

31, 2018, and the POR 1 with respect to the Softwood Lumber CVD Order was from

April 28, 2017, through December 31, 2018.  *See Initiation of Administrative Review*, 84

Fed. Reg. 12,209.  The 80 entries at issue in the instant case were entered in

November and December 2017, during the POR 1 for the Softwood Lumber AD Order.

*See* Mot. to Dismiss at 2, 5; Compl. ¶¶ 1, 42.

On March 19, 2020, Commerce transmitted Message No. 0079405 to Customs,

in which Commerce instructed Customs not to liquidate any of plaintiff's entries.  *See*

Mot. to Dismiss, Ex. 2, Commerce Message No. 0079405 ("Message No. 0079405"),

ECF No. 10-2; Def. Reply Br., Decl. of Nicholas Bishop ("Bishop Decl.") ¶ 5, ECF No.

14-1.  However, Customs erroneously marked plaintiff's entries for liquidation when

implementing Commerce's instructions.[3]  *See* Bishop Decl. ¶ 6.

Next, Customs made yet another mistake.  Customs failed to process some of

plaintiff's entries that CBP had (erroneously) marked for liquidation.  *Id.* ¶ 9.  Customs

attributed this failure to "system errors."  *Id.*  Thereafter, on September 2-3, 2020,

Customs committed a third error: Customs determined that these entries — which

Customs had erroneously marked for liquidation and then had failed actually to process

— had nonetheless "liquidated by operation of law" on August 7, 2020, pursuant to 19

U.S.C. § 1504(d).  *Id.*  Section 1504(d) provides that entries are liquidated by operation

of law if Customs fails to liquidate the entries within six months after CBP receives

notice that Commerce has removed the suspension of liquidation.  19 U.S.C. § 1504(d);

Bishop Decl. ¶ 9.  Consequently, on September 2-3, 2020, Customs concluded that the

entries had liquidated by operation of law on August 7, 2020, because Customs

assumed incorrectly — based on its own erroneous actions — that Commerce had

removed the suspension of liquidation on February 7, 2020.  Bishop Decl. ¶ 9; Brenske

Decl., Attach. 2 at 4.  Based on this conclusion, on September 2-3, 2020, Customs

published bulletin notices of deemed liquidation with respect to these entries.  *See*

Brenske Decl., Attach. 1, ECF 10-5.  The notices provide two dates — a "liquidation

date" and a "posted date."  *Id.*  The deemed liquidation date is August 7, 2020, and the

---

[3] Commerce's Message stated that it was effective as of February 7, 2020.  Message
No. 0079405.  February 7, 2020, is the date on which Commerce published in the
Federal Register the "notice of recission in part" of the administrative review.  *Id.*  This
notice served as the notice to Customs that Commerce had removed the suspension of
liquidation for certain entries — notably *not* including the entries at issue in this case.
*Id.*; 19 U.S.C. § 1504(d); *Koyo Corp. of U.S.A. v. United States*, 497 F.3d 1231, 1237
(Fed. Cir. 2007).

posting date is either September 2, 2020, or September 3, 2020, depending on the entry.  *Id.*

In May 2021, plaintiff discovered that Customs had updated the ACE system to indicate that the 80 entries were "deemed liquidated" by operation of law pursuant to 19 U.S.C. § 1504(d).  *See* Compl. ¶ 43.  On June 3, 2021, counsel for plaintiff contacted Customs to rectify the erroneous "deemed liquidation" designations of the 80 entries. *Id.* ¶ 44.

Import Specialist Kathy Brenske ("Brenske") of Customs responded and indicated her agreement with the position of plaintiff that Customs had erroneously liquidated the 80 entries.  *See* Brenske Decl., Attach. 2 at 4.  Brenske stated, however, that these entries were deemed liquidated on August 7, 2020, and, consequently, that the statutory timeline of 180 days for plaintiff to file a protest with respect to Customs' decision had passed by the point at which plaintiff contacted Customs.  *See id.* Accordingly, Brenske informed plaintiff that "nothing [could] be done legally" with respect to the deemed liquidation of the 80 entries, as the deadline to file a "timely protest" had passed.  *Id.* at 2-5.

For this reason, Customs declined plaintiff's request to rectify the liquidation

status of these entries in the ACE system.[4]  *Id.*  On August 23, 2022, plaintiff filed its

complaint with the USCIT, asserting subject matter jurisdiction under 28 U.S.C. §

1581(i).  *See* Compl.; Def. Mot. to Dismiss at 7.  On October 26, 2023, the court heard

oral argument.  *See* Oral Arg. Tr., Oct. 26, 2023, ECF No. 27.

## JURISDICTION AND STANDARD OF REVIEW

Whether a court has subject matter jurisdiction to hear an action is a "threshold"

inquiry.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Plaintiff files its action under 28 U.S.C. § 1581(i)(1)(B) and (D), which provide:

> [T]he Court of International Trade shall have exclusive jurisdiction of any
> civil action commenced against the United States, its agencies, or its
> officers, that arises out of any law of the United States providing for —
>
> (A) . . .
> (B) tariffs, duties, fees, or other taxes on the importation of
> merchandise for reasons other than the raising of revenue; [or]
> (C) . . .
> (D) administration and enforcement with respect to the matters
> referred to in subparagraphs (A) through (C) of this paragraph
> and subsections (a)-(h) of this section.

---

[4] In the same email exchange, counsel for Fraserview contested the deemed liquidation of a later batch of 830 entries. Brenske Decl., Attach. 2.  Customs initially stated that protest was unavailable as to these entries as well, as more than 180 days had passed since the date of deemed liquidation as stated in the bulletin notices.  *Id.* at 4.  However, in a subsequent message Customs reversed its position and permitted protest of the deemed liquidation of the 830 entries because 180 days had not yet elapsed since the posting of the bulletin notices of deemed liquidation.  *Id.* at 2.  Because Customs' reversal allowed a protest within 180 days of the posting of the bulletin notices, and not within 180 days of the date of the actual deemed liquidation, plaintiff — at Customs' encouragement — protested the deemed liquidation of those entries within 180 days of the date of the notice of deemed liquidation.  *Id.*  Notwithstanding Customs' position, plaintiff maintains that protest was unavailable by law as to *both* sets of entries.  Compl. ¶ 4, *Fraserview Remanufacturing Inc. v. United States*, Court No. 23-00063, ECF No. 2.

Section 1581(i) is the Court's "residual" jurisdictional provision, *Fujitsu Gen. Am., Inc. v. United States*, 283 F.3d 1364, 1371 (Fed. Cir. 2002) (citing *Conoco, Inc. v. United States Foreign-Trade Zones Bd.*, 18 F.3d 1581, 1584 n.4 (Fed. Cir. 1994)), which allows the Court to "take jurisdiction over designated causes of action founded on other provisions of law." *Norcal/Crosetti Foods, Inc. v. United States*, 963 F.2d 356, 359 (Fed. Cir. 1992) (citation omitted).

However, the "scope" of § 1581(i) is "strictly limited," *id.*, and jurisdiction under this provision "may not be invoked when jurisdiction under another [sub]section of § 1581 *is or could have been available*, unless the relief provided under that other subsection would be manifestly inadequate." *Consol. Bearings Co. v. United States*, 25 CIT 546, 549, 166 F. Supp. 2d 580, 583 (2001) (alterations in original) (internal quotation marks omitted) (quoting *Ad Hoc Comm. Of Fla. Producers of Gray Portland Cement v. United States*, 22 CIT 902, 906, 25 F. Supp. 2d 352, 357 (1998)); *see also Am. Air Parcel Forwarding Co. v. United States*, 718 F.2d 1546, 1549 (Fed. Cir. 1983) (citation omitted) ("[T]he legislative history of the Customs Courts Act of 1980 demonstrates that Congress did not intend the Court of International Trade to have jurisdiction over appeals concerning completed transactions when the appellant had failed to utilize an avenue for effective protest before the Customs Service.").

"An inquiry into § 1581(i) jurisdiction is thus a two-step process." *ARP Materials, Inc. v. United States*, 47 F.4th 1370, 1377 (Fed. Cir. 2022). First, the court considers whether jurisdiction under a subsection other than § 1581(i) was available. *Erwin Hymber Grp. N. Am., Inc. v. United States*, 930 F.3d 1370, 1375 (Fed. Cir. 2019). Second, "if jurisdiction was available under a different subsection of § 1581," the court

then examines "whether the remedy provided under that subsection is 'manifestly inadequate.'" *Id.* (citing 28 U.S.C. § 1581(i)).

The party that seeks to invoke the Court's jurisdiction "bears the burden of demonstrating manifest inadequacy." *Intercontinental Chems., LLC v. United States*, 44 CIT __, __, 483 F. Supp. 3d 1232, 1241 (2020) (citing *Miller & Co. v. United States*, 824 F.2d 961, 964 (Fed. Cir. 1987)).

## LEGAL FRAMEWORK

Section 1581(a) grants the Court exclusive jurisdiction over "any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930" (the "Tariff Act").  28 U.S.C. § 1581(a).

19 U.S.C. § 1515 provides for the administrative review of protests filed under § 1514.  19 U.S.C. § 1514(a) in turn states:[5]

> [A]ny clerical error, mistake of fact, or other inadvertence . . . adverse to an importer, in any entry, liquidation, or reliquidation, and, decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to —
>
>  (1) the appraised value of merchandise;
>  (2) the classification and rate and amount of duties chargeable;
>  (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;
>  (4) the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under section 1337 of this title;
>  (5) the liquidation or reliquidation of an entry . . . including the liquidation of an entry pursuant to . . . section 1504 of this title . . .
>  (6) the refusal to pay a claim for drawback; or

---

[5] The court sets forth § 1514(a) in its entirety here because the ensuing discussion of § 1514(a)(5) and § 1514(c)(3) implicate the remaining subsections of § 1514(a).

(7) the refusal to reliquidate an entry under subsection (d) of
section 1520 of this title;

shall be final and conclusive upon all persons (including the United States
and any officer thereof) unless a protest is filed in accordance with this
section . . . .

19 U.S.C. § 1514(c)(3) provides the protest window and states that a

"protest of a decision, order, or finding described in subsection (a) shall be filed with the

Customs Service within 180 days after but not before . . . (A) [the] date of liquidation or

reliquidation, or (B) in circumstances where subparagraph (A) is inapplicable, the date

of the decision as to which protest is made."

Whether an entry has been deemed liquidated by operation of law is governed by

19 U.S.C. § 1504.  When Commerce lifts the suspension of liquidation, § 1504(d)

requires Customs to liquidate the entries within six months after receiving notice of the

removal of suspension from Commerce.  If an entry is not liquidated within six months of

Customs receiving notice, the entry "shall be treated as having been liquidated at the

rate of duty . . . asserted by the importer of record [upon entry]."  *Id.*; *see also Koyo

Corp. of U.S.A. v. United States*, 497 F.3d 1231, 1236 (Fed. Cir. 2007) ("Under our

precedent, the rate of duty that applies to a deemed liquidation under 19 U.S.C. §

1504(d) is the duty rate claimed on the importer's entry papers.") (citations omitted).

## DISCUSSION

I.  **Whether subject matter jurisdiction to hear the instant case "is or could have
been available" under 28 U.S.C. § 1581(a)**

A.  **Positions of the parties**

This case arises out of a challenge to Customs' erroneous determination that

certain of plaintiff's entries were deemed liquidated by operation of law while the entries

were subject to suspension of liquidation instructions issued by Commerce.  Compl. ¶ 1.

Defendant has filed a motion to dismiss, arguing that, because jurisdiction "could have

been available" under § 1581(a) had plaintiff filed a timely protest to the bulletin notices

of deemed liquidation, plaintiff cannot establish subject matter jurisdiction pursuant to §

1581(i).  Def. Mot. to Dismiss at 7.  Plaintiff, by contrast, urges the court to deny

defendant's motion to dismiss because, plaintiff argues, the entries remain unliquidated.

Pl. Resp. Br. at 2.  According to plaintiff, because the entries remain unliquidated,

Customs' actions were not protestable under § 1514(a).  *Id.* at 3.  Further, plaintiff

alleges that, because Customs' actions were not subject to protest under § 1514(a),

jurisdiction under § 1581(a) is not and was not ever available.  *Id.* at 2.

    **B.   Analysis**

    Customs' posting of the bulletin notices of deemed liquidation while liquidation of

the subject entries remained suspended was not a protestable decision under 19 U.S.C.

§ 1514(a).  As such, jurisdiction under 28 U.S.C. § 1581(a) was not, nor could it have

been, available.  Therefore, plaintiff has properly invoked this Court's residual

jurisdiction under 28 U.S.C. § 1581(i).  *LG Elecs. U.S.A., Inc. v. United States*, 21 CIT

1421, 1429-30, 991 F. Supp. 668, 676-77 (1997).

    **1.   Whether decisions under 19 U.S.C. § 1514(a)(5) are protestable
          only after liquidation**

    To understand most clearly the legal issue before the court, the court begins with

a brief description of the process by which entries previously subject to suspension of

liquidation are liquidated, as well as the purpose of liquidation by operation of law under

§ 1504(d).  The court then addresses whether 19 U.S.C. § 1514(a)(5) allows protest

only after the liquidation of the entries.

When Commerce issues an antidumping duty order, Commerce is required to direct Customs to suspend the liquidation of all entries of the subject merchandise.[6] *See* 19 U.S.C. § 1673b(d)(2).  An importer whose entries are subject to the order is required to make cash deposits of the estimated duties.  *See id*. § 1673e(a)(3). Interested parties may request an administrative review of the final antidumping order. *Id*. § 1675.  During the administrative review, the liquidation of the importer's entries will remain suspended.  *See, e.g.*, *Am. Power Pull Corp. v. United States*, 39 CIT __, __, 121 F. Supp. 3d 1296, 1297 (2015); *Consol. Bearings Co. v. United States*, 348 F.3d 997, 1000 (Fed. Cir. 2003).

In general, Customs liquidates entries when Customs receives notice from "[Commerce], other agency, or a court with jurisdiction over the entr[ies]" that the suspension of liquidation that was in place has been "removed."  19 U.S.C. § 1504(d). Occasionally, however, Customs fails to liquidate entries promptly following the receipt of such notice.  *See, e.g.*, *Int'l Trading Co. v. United States*, 412 F.3d 1303, 1309-10 (Fed. Cir. 2005).  Consequently, to provide finality to importers, the statute requires that Customs liquidate entries within six months after Customs receives notice of the removal of the suspension of liquidation.  *Id.*; 19 U.S.C. § 1504(d).  If Customs fails to do so, the merchandise is liquidated by operation of law "at the rate of duty . . . asserted by the importer of record" upon entry.  19 U.S.C. § 1504(d).

In the instant case, Commerce had not removed the suspension of liquidation on September 2-3, 2020, when Customs posted bulletin notices that the entries had

---

[6] Liquidation is "the final computation or ascertainment of duties" on entries.  19 C.F.R. § 159.1.

liquidated by operation of law under § 1504(d).  Brenske Decl., Attach. 2 at 5-6; Bishop

Decl. ¶ 9; Message No. 0079405; Mot. to Dismiss at 2-5.  Instead, Commerce had

instructed Customs specifically that suspension of liquidation of the instant entries was

to remain in place.  Message No. 0079405; Mot. to Dismiss at 5.  The court considers

first whether a decision is protestable under § 1514(a)(5) only after an entry has been

liquidated.  Then, the court turns to whether the instant entries were liquidated.

Plaintiff asserts that a protestable "decision[] . . . as to . . . the liquidation or

reliquidation" of entries under § 1514(a)(5), including liquidation by operation of law

under 19 U.S.C. § 1504(d), occurs only after the actual liquidation of the pertinent

entries.  Pl. Resp. Br. at 3 (citing 19 U.S.C. § 1514(c)(3)(A)).  Plaintiff states that in this

case no such liquidation ever occurred.  *Id.*

Defendant argues that two decisions of the Federal Circuit support defendant's

position that a decision by Customs to post a bulletin notice of liquidation, even when

the decision is erroneous or premature, is a protestable decision.  Def. Reply Br. at 3-4

(citing *Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1346 (Fed. Cir. 1995) (holding

that "all liquidations, whether legal or not, are subject to the timely protest requirement");

*Cemex, S.A. v. United States*, 384 F.3d 1314, 1325 n.14 (Fed. Cir. 2004) (stating that

the posting of bulletin notices of liquidation is a protestable decision)).[7]  According to

defendant in its briefs, because the bulletin notices were protestable, the court need not

examine whether the entries were actually liquidated.  Def. Reply Br. at 12-13.

---

[7] Defendant also relies on a more recent, unpublished opinion from the Federal Circuit, *Alden Leeds Inc. v. United States*, 476 F. App'x 393 (Fed. Cir. 2012) (nonprecedential opinion).  The court addresses defendant's argument pertaining to *Alden Leeds infra* Section I.B.2.

The cases that defendant cites — *Cemex* and *Juice Farms* — are inapposite. Def. Reply Br. at 12.  In *Juice Farms*, it is true that the Federal Circuit determined that the decision to liquidate the entries in question while suspension of liquidation was in place was a protestable decision.  68 F.3d at 1346.  However, the entries in that case were *in fact* liquidated in accordance with 19 U.S.C. § 1500.  *Id.*  Section 1500 concerns *manual* liquidation.  *Aspects Furniture Int'l, Inc. v. United States*, 45 CIT __, __, 510 F. Supp. 3d 1353, 1361 (2021).  Unlike 19 U.S.C. § 1504, which covers the purported *deemed* liquidation at issue in this case, § 1500 imposes no requirement that suspension be removed or that Customs receive notice of such removal for liquidation to occur.  *Compare* 19 U.S.C. § 1500, *with* 19 U.S.C. § 1504.  In the instant case, the suspension of liquidation remained in place and, therefore, none of the statutory requirements for deemed liquidation was satisfied.  *See* 19 U.S.C. § 1504(d).  For this reason, *Juice Farms* is inapposite to the instant case.

In *Cemex*, the Federal Circuit held that bulletin notices of deemed liquidation were protestable even though the notice to Customs that suspension of liquidation was removed was premature and nonpublic.  384 F.3d at 1320-21. However, there, the suspension of liquidation was in fact removed, and Customs did in fact receive notice of such removal.  *Id.* at 1320.  By contrast, in the instant case, none of the prerequisites for § 1504(d) was satisfied.  Accordingly, the holding in *Cemex* is not apposite to this case.

Moreover, it is notable that the version of § 1514(c)(3)(A) and accompanying regulations that the Federal Circuit applied in *Cemex* required protest within 90 days after the *notice* of liquidation.  19 U.S.C. § 1514(c)(3)(A) (2000); 19 C.F.R. § 159.9(c)(2)(iii) (2003) (requiring protest within 90 days of the posting of notice of

deemed liquidation); Miscellaneous Trade and Technical Corrections Act of 2004

("MTTCA"), sec. 2103, § 1514(a), 118 Stat. 2434.[8]  The current version of §

1514(c)(3)(A) requires that protest be filed within 180 days after but not before the *date*

of liquidation (rather than the *notice* of liquidation).  *See United States v. Great Am. Ins.

Co. of N.Y.*, 41 CIT __, __, 229 F. Supp. 3d 1306, 1325 (2017) (stating that an

amendment to the reliquidation statute that required reliquidation within 90 days of the

original liquidation — and not notice of such liquidation — was "significant because

those two dates do not necessarily (or even likely) coincide").

　　　　This distinction is critical also in the instant case because the suspension of

liquidation was still in place; therefore, deemed liquidation never actually occurred.  As

such, whether there may have been an actual *notice* of liquidation, there never was a

*date* of liquidation as the current statute requires.[9]  It follows that the 180-day

requirement under § 1514(c)(3)(A) does not apply in this case.  Consequently, *Cemex* is

---

[8] The MTTCA is the amending statute that updated the language to current law and contains an explanation of the prior codification of the law that the *Cemex* court applied. The MTTCA explains that Congress amended § 1514(c)(3)(A) to replace "notice of" liquidation with "date of" liquidation.

[9] Customs has acknowledged that in the context of deemed liquidation, the date of liquidation and the date of notice do not coincide because "in many situations, CBP is unaware of the liquidation by operation of law for some time after it has occurred." *Electronic Notice of Liquidation*, 81 Fed. Reg. 89375-01, 89377 (Dec. 12, 2016).  For that reason, Customs may post a bulletin notice of deemed liquidation after the date of deemed liquidation.  *Id.*; Brenske Decl., Attach. 1-2.  Importers are required to file a protest within 180 days of liquidation, regardless of whether the liquidation is deemed or manual.  19 U.S.C. § 1514(c)(3)(A); 19 C.F.R. § 174.12(e)(1); 19 C.F.R. § 159.9(c)(2)(iii).  Therefore, the effect of the 2004 amendment to § 1514(c)(3)(A) was to shorten an importer's time to protest if the importer is unaware that its entries were deemed liquidated prior to Customs posting notice.  *See* 19 U.S.C. § 159.9(c)(2)(iii).

inapposite also because the current version of § 1514 requires protest only after an

entry has actually deemed liquidated.[10]

Moreover, decisions of the Federal Circuit and this Court demonstrate that

decisions under § 1514(a)(5) are protestable only after liquidation has actually occurred.

For example, in *Chemsol, LLC v. United States*, the Federal Circuit held that a Customs

decision to extend the period to liquidate an entry pursuant to § 1504(b) was not

protestable under § 1514(a)(5) because such decisions "may only first be challenged

before Customs in an administrative protest *after* liquidation."  755 F.3d 1345, 1353

(Fed. Cir. 2014) (emphasis supplied) (citing 19 U.S.C. § 1514(c)(3)); *see also*

*Acquisition 362, LLC v. United States*, 59 F.4th 1247, 1249 (Fed. Cir. 2023) ("Importers

that wish to challenge the liquidation of their entries [under § 1514(a)(5)] can do so by

filing a protest within 180 days of the liquidation."); *Thyssenkrupp Steel N. Am., Inc. v.*

*United States*, 886 F.3d 1215, 1222 (Fed. Cir. 2018) ("A protest regarding a liquidation

---

[10] The court observes that it is possible that Customs' regulations as currently drafted
could permit Customs to post the notice of deemed liquidation more than 180 days after
the date on which the deemed liquidation occurred, depriving an importer of the
knowledge that deemed liquidation had occurred, and thereby, depriving an importer
also of the opportunity to file a protest within the statutorily prescribed period.  Notably,
the version of 19 C.F.R. § 159.9(c)(2) in place prior to 2017 contained a requirement
that Customs post notice of deemed liquidation "within a reasonable period after each
liquidation by operation of law."  19 C.F.R. § 159.9(c)(2)(ii) (2016); *Consolidated Fibers,*
*Inc. v. United States*, Slip Op. 17-157, 2017 WL 5665031, at *4 (CIT Nov. 27, 2017)
(stating that plaintiff "could have raised a protest ground that was at least plausible by
arguing that the bulletin notice [of deemed liquidation] was not issued within a
'reasonable period' as required by 19 C.F.R. § 159.9(c)(2)(ii)").  However, in 2017
Customs amended its regulations to eliminate the "reasonable period" requirement; in
its current form, § 159.9(c)(2)(i) requires Customs to post the notice "when [Customs]
determines that each entry has liquidated by operation of law."  19 C.F.R. §
159.9(c)(2)(i).  Consequently, if Customs does not "determine[]" that an entry deemed
liquidated — and therefore does not post notice — until more than 180 days after the
deemed liquidation, Customs' regulations do not provide an opportunity for the importer
to protest the deemed liquidation.

under § 1514(a) must be filed within 180 days of the date of liquidation.") (citing 19

U.S.C. § 1514(c)(3)(A)); *Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v. United*

*States*, 46 CIT __, __, 578 F. Supp. 3d 1333, 1344 (2022) ("[A]s the subject

merchandise remains unliquidated[,] the administrative process is incomplete."); *Am.*

*Fiber & Finishing, Inc. v. United States*, 39 CIT __, __, 121 F. Supp. 3d 1273, 1286

(2015) ("[P]rotests may only be filed after liquidation of the entries at issue.") (citing 19

U.S.C. § 1514(c)(3)(A)). Accordingly, defendant's contention that the court need not

inquire into the liquidation status of the entries is unsupported by recent decisions of this

Court and the Federal Circuit.

 In sum, the court concludes that a decision as to the liquidation of an entry under

§ 1514(a)(5) is protestable only after the entry is liquidated.

## 2. Whether plaintiff's entries were liquidated

 Under § 1514(a)(5), decisions are protestable only after the liquidation of the

subject entries.  Accordingly, the court considers next whether plaintiff's entries were

liquidated.

 Plaintiff cites decisions of this Court and the Federal Circuit for the proposition

that, under § 1504(d), liquidation by operation of law — termed "deemed liquidation" —

can occur only when each of the statutory prerequisites for it has been satisfied.  Pl.

Resp. Br. at 4-5 (citing *Fujitsu*, 283 F.3d at 1376; *LG Elecs.*, 21 CIT at 1429-30, 991 F.

Supp. at 676-77; *United States v. Am. Home Assurance Co.*, 35 CIT 585, 591 (2011)).

Specifically, the Federal Circuit has held that entries are deemed liquidated when: (1)

Commerce removes the suspension of liquidation; (2) Customs receives notice of the

removal; and (3) Customs fails to liquidate the entries within six months of receiving

such notice.  *Fujitsu*, 283 F.3d at 1376 (citing 19 U.S.C. § 1504(d)).  Plaintiff maintains

that those conditions have not been satisfied here, and that, therefore, liquidation by

operation of law has not occurred.  Pl. Resp. Br. at 5.  Consequently, plaintiff asserts

that there has been no protestable decision under 19 U.S.C. § 1514(a).  *Id.* at 6-8.

Defendant takes two positions before the court.  First, in its briefing, defendant

asserted that the bulletin notices were protestable regardless of whether the entries had

been liquidated.  Def. Reply Br. at 12-16, 19.  However, defendant added that, if

liquidation by operation of law did occur, it took place on August 7, 2020, the date of

deemed liquidation identified in the bulletin notice.  *Id.* at 19-20.  Then, at oral argument,

defendant asserted that the September 2-3, 2020, bulletin notices of deemed liquidation

actually liquidated the subject entries, asserting that "nothing happened on August 7."

Oral Arg. Tr. at 5:3-10, 46:1-2.

The court concludes that plaintiff's entries were never liquidated because the

statutory requirements for deemed liquidation under § 1504(d) were not met.  *See*

*Fujitsu*, 283 F.3d at 1376; *Koyo*, 497 F.3d at 1235-36.  To the contrary, Commerce

instructed Customs specifically that liquidation of plaintiff's entries was to remain

suspended.  Message No. 0079405.  By statute and regulation, liquidation by operation

of law cannot occur while the suspension of liquidation is still in place — which it was in

this case — and unless Commerce has notified Customs that the suspension of

liquidation has been lifted — which Commerce did not do in this case.

This conclusion is consistent with the holdings of this Court.  In *LG Electronics*

*U.S.A. v. United States*, for example, the court held that, where liquidation was

suspended, bulletin notices of deemed liquidation are "invalid and legally

inconsequential, as deemed liquidation can occur only by operation of law."  21 CIT at

1429, 991 F. Supp. at 676.  Because "[t]he liquidation did not in fact occur," and

"erroneous notice cannot create a deemed liquidation[,]" the statutory period for protest

never began to run.[11]  *Id.* at 1429-30, 991 F. Supp. at 676-77; *see also Am. Home

Assurance Co.*, 35 CIT at 591 ("[A] deemed liquidation cannot occur while a suspension

of liquidation is in place, and . . . Customs has no authority to effect a deemed

liquidation.").  As these cases make clear, there can be no "decision[] . . . as to" a

---

[11] Defendant argues that *LG Electronics* is inapposite to this case because the notices
of deemed liquidation there were in the context of a court-ordered injunction.  Def. Reply
Br. at 9.  The court does not find defendant's point persuasive.  In *LG Electronics*, there
were two entries for which deemed liquidation notices were posted, and only one of the
two entries was under a court ordered injunction.  21 CIT at 1429 n.16, 991 F. Supp. at
676 n.16.  The court noted in a footnote that the injunction provided an *additional* basis
that the bulletin notice was ineffective as to that individual entry.  *Id.*  Defendant argues
further that the court's reasoning relied heavily on the fact that the notices were
generated automatically.  *Id.* at 1429, 991 F. Supp. at 676. However, the court's
concern with automatically generated liquidation notices applied only to its reasoning
concerning a different set of liquidation notices, which the court labeled "automatic
liquidations" and which are not relevant to the instant action.  *Id.*  As for the "deemed
liquidation" notices, the court concluded that the deemed liquidation notices were not
protestable because "liquidation was suspended."  *Id.*  Therefore, "as a matter of law, no
deemed liquidation . . . occurred."  *Id.*

deemed liquidation while the suspension of liquidation remains in place.[12][13] 19 U.S.C. §

1514(a)(5).

At oral argument, defendant asserted that the bulletin notices of deemed

liquidation operated to liquidate plaintiff's entries.  Oral Arg. Tr. at 5:3-10.  This assertion

is contradicted by the statute and Customs' own regulations, which make clear that a

bulletin notice may effectuate liquidation under § 1500 (often termed "manual

liquidation"); however, a bulletin notice may *not* effectuate a *deemed liquidation* under §

1504 while liquidation of the subject entries remains suspended.

19 U.S.C. § 1500(e), which covers manual liquidation, requires that Customs

"give or transmit . . . notice of such liquidation to the importer . . . in such form and

manner as the Secretary shall by regulation prescribe."[14]  19 U.S.C. § 1504, which

covers deemed liquidations, creates a specific and different set of prerequisites that

---

[12] Defendant also relies on *Koyo Corp. of U.S.A. v. United States*, 497 F.3d 1231, 1240 (Fed. Cir. 2007), for the proposition — incontestable to be sure — that deemed liquidations are protestable.  Def. Mot. to Dismiss at 13; 19 U.S.C. § 1514(a)(5).  *Koyo*, however, is inapposite.  In that case, the statutory conditions for deemed liquidation were satisfied; therefore, the entries had actually deemed liquidated.  *See* Pl. Resp. Br. at 27-28; *Koyo*, 497 F.3d at 1242-43.  As noted, neither was true in this case.

[13] Defendant asserts that an incorrect decision that an entry has deemed liquidated is a "decision *as to* liquidation" under § 1514(a)(5).  Oral Arg. Tr. at 12:7-19, 25:6-12; 19 U.S.C. § 1514(a)(5) (emphasis supplied).  In this case, deemed liquidation did not occur, as suspension of liquidation remained in place, *see Acquisition 362*, 59 F.4th at 1254 (stating that decisions under § 1514(a)(5) may be protested "within 180 days *of liquidation*") (emphasis supplied); accordingly, the erroneous bulletin notice of deemed liquidation is not a protestable decision "as to" or "with respect to" liquidation.

[14] By contrast, the deemed liquidation provision of the statute provides that "[n]otwithstanding section 1500(e) of this title, notice of liquidation need not be given of an entry deemed liquidated."  19 U.S.C. § 1504(a)(1).  Nevertheless, Customs has required by regulation that Customs post a notice of deemed liquidation.  *See* 19 C.F.R. § 159.9(c)(2)(i).

determine whether and when liquidation occurs.  Customs' regulations set out at 19

C.F.R. § 159.9(c) reflect the way in which the statute distinguishes the legal effect of

notice under § 1500 for manual liquidation from the legal effect of notice under § 1504

for deemed liquidation:

> (1) Generally.  The notice of liquidation will be dated with the date it is posted electronically on www.cbp.gov for the information of importers. This electronic posting will be deemed the legal evidence of liquidation. . . .
>
> (2) Exception: Entries liquidated by operation of law.
>
>> (i) Entries liquidated by operation of law at the expiration of the time limitations prescribed in [19 U.S.C. § 1504] will be deemed liquidated as of the date of expiration of the appropriate statutory period and will be posted on www.cbp.gov when CBP determines that each entry has liquidated by operation of law and will be dated with the date of liquidation by operation of law.

19 C.F.R. § 159.9(c).

Accordingly, subsection (c)(1) establishes a general rule that when Customs

posts a bulletin notice that Customs has manually liquidated an entry, the bulletin notice

causes liquidation to occur and sets the date on which liquidation does occur.  19

C.F.R. § 159.9(c)(1).  Subsection (c)(1) and § 174.12(e)(1) provide further that the

importer is required to protest the liquidation within 180 days after the date of liquidation

as listed in the bulletin notice, and that date of liquidation is always the same as the

posted date.  *Id.*; *see also id.* § 174.12(e)(1).

By contrast, subsection (c)(2)(i) expressly provides an *exception pertaining to*

*deemed liquidation* to the general rule provided in subsection (c)(1).  *Id.* § 159.9(c)(2)(i).

Customs' regulations provide that deemed liquidation is to occur at the expiration of the

"appropriate statutory period" under § 1504, *not* — as Customs came to maintain at oral

argument before the court, *see* Oral Arg. Tr. at 5:3-16 — on the date that the bulletin

notice of deemed liquidation is posted.  *Id.*; *SKF USA, Inc. v. United States*, 512 F.3d

1326, 1331 (Fed. Cir. 2008) (stating that deemed liquidation occurs "as of the expiration

of the appropriate statutory period," not when notice is posted).  Consistent with the

regulations, the instant bulletin notices state that the entries were deemed liquidated

and that the liquidation date was August 7, 2020.  Brenske Decl., Attach. 1.[15]  However,

and as described above, deemed liquidation did not occur in this case because

Commerce stated explicitly that the suspension of liquidation as to these entries was to

remain in place.  Message No. 0079405.  Therefore, the court concludes that the instant

bulletin notices did not liquidate plaintiff's entries.

 Even though the entries were not liquidated, defendant maintains that the

bulletin notices of deemed liquidation were protestable because this case is governed

by § 1514(c)(3)(B), not § 1514(c)(3)(A).  Def. Reply Br. at 20-21 (citing *Alden Leeds Inc.*

---

[15] The court notes further that the government's position in this proceeding appears to contradict even Customs' initial reasoning for declining plaintiff's request to correct the liquidation status of the entries.  In its motion to dismiss, the government asserts that Customs informed plaintiff's counsel in email correspondence that a protest could have been filed within 180 days of the date that the notice of deemed liquidation was posted. Def. Mot. to Dismiss at 7.  That is not correct.  Customs stated clearly in its emails to plaintiff's counsel that protest was required within 180 days of August 7, 2020, the date on which Customs thought that the entries were deemed liquidated.  Brenske Decl., Attach. 2 at 4.  Customs stated further that the error could not be corrected because plaintiff had failed to protest the purported deemed liquidation of August 7, 2020.  *Id.* at 4-5.  Customs was correct that the protestable event in the context of a deemed liquidation is *not* a notice of such liquidation but the deemed liquidation itself, which occurs by operation of law on the date that is six months after Commerce notifies Customs that Commerce has removed the suspension of liquidation.  *See* 19 C.F.R. § 159.9(c)(2)(iii); *cf. SKF USA, Inc.*, 512 F.3d at 1331 (holding that deemed liquidation occurred despite Customs' failure to post notice of deemed liquidation).  As the court has discussed, Customs was *not* correct that deemed liquidation had occurred in this case.

*v. United States*, 476 F. App'x 393, 397 (Fed. Cir. 2012) (nonprecedential opinion)).[16]

Subparagraph (B) requires protest within 180 days after but not before "the date of the

decision," regardless of whether liquidation has occurred.  19 U.S.C. § 1514(c)(3)(B).

Defendant argues on this basis that Customs made a "decision[] . . . as to . . .

liquidation" under § 1514(a)(5) and that subparagraph (B) requires protest within 180

days of that decision.  Def. Reply Br. at 19-20.

        Defendant's contention that subparagraph (B) applies to a "decision[] . . . as to . .

. the liquidation of an entry" under § 1514(a)(5) is unpersuasive.  The statute and

Customs' regulations demonstrate that the date that triggers the protest window for a

deemed liquidation under § 1514(a)(5) is the date of liquidation pursuant to

subparagraph (A).  19 U.S.C. § 1514(c)(3)(A); 19 C.F.R. § 159.9(c)(2)(iii).

        19 U.S.C. § 1514(c)(3) provides:

        A protest of a decision order or finding described in subsection (a) shall be
        filed with the Customs Service within 180 days after but not before—

                (A) [the] date of liquidation or reliquidation, or
                (B) in circumstances where subparagraph (A) is *inapplicable*,
                the date of the decision as to which protest is made.

        (emphasis supplied).

        Customs' regulations state that subparagraph (B) requires protest within 180

days of a decision "involving *neither* a liquidation nor reliquidation."  19 C.F.R. §

174.12(e)(2) (emphasis supplied).  In the same way, subparagraph (B) cannot apply to

a "decision[] . . . *as to* . . . liquidation" under § 1514(a)(5) because such a decision

---

[16] The court may look to nonprecedential or unpublished opinions for guidance or
persuasive reasoning, but such opinions do not have the effect of binding precedent.
Fed. Cir. R. 32.1(d); *Irwin Industrial Tool Company v. United States*, 41 CIT __, __ n.34,
222 F. Supp. 3d 1210, 1227 n.34 (2017).

necessarily "involv[es]" a liquidation.[17]  19 U.S.C. § 1514(a)(5) (emphasis supplied); 19

U.S.C. § 1514(c)(3)(B); 19 C.F.R. § 174.12(e)(2).

      Moreover, § 174.12(e)(2) provides a list of the categories of decisions that can be

protested "from the date of the decision as to which protest is made" under

subparagraph (B).  This list coincides with certain enumerated categories of decisions in

§ 1514(a) — none of which involves a liquidation — but excludes § 1514(a)(5), the

category of protestable decisions on which defendant relies.[18]  *See* 19 C.F.R. §

174.12(e)(2).  The omission of § 1514(a)(5) from the list of categories of decisions that

can be protested from the "date of the decision" demonstrates that Customs interprets §

---

[17] 19 C.F.R. § 174.12(e) is Customs' regulation implementing § 1514(c)(3) and requires
that protest be filed within 180 days of:

      (1) The date of notice of liquidation or reliquidation, or the date of
      liquidation or reliquidation, as determined under §§ 159.9 or 159.10 of this
      chapter; [or]
      (2) [t]he date of the decision, involving neither a liquidation nor
      reliquidation, as to which the protest is made . . . .

While § 174.12(e)(1) references "notice of liquidation," 19 C.F.R. § 159.9 specifies that
protest of a "notice of liquidation" under § 174.12(e)(1) applies only to decisions relating
to entries made prior to the MTTCA, which changed the statute to require protest within
180 days of the "date of liquidation" instead of the "notice of liquidation."  19 C.F.R. §
159.9(c)(2)(iii).

[18] The categories of decisions listed in § 174.12(e)(2) are decisions as to: an exaction;
the exclusion of merchandise from entry; the denial of a claim for reliquidation under §
1520(d); or the denial of a petition for reliquidation pursuant to § 1520(c)(1).  Each of
these categories of decisions coincides with an enumerated category of decision in §
1514(a) that occurs in the absence of a liquidation.  Specifically, the categories of
decisions listed in § 174.12(e)(2) are provided in § 1514(a)(3), § 1514(a)(4) and §
1514(a)(7), including the now repealed § 1520(c)(1).  The exclusion of decisions as to
the liquidation of an entry under § 1514(a)(5) from this list demonstrates further that
decisions under § 1514(a)(5) are not among the "circumstances where subparagraph
(A) is inapplicable."  19 U.S.C. § 1514(c)(3)(B).

1514(c)(3) to provide that a decision as to liquidation pursuant to § 1514(a)(5) may be protested only "after but not before" the date of liquidation.  19 U.S.C. § 1514(c)(3)(A).

In addition, defendant's reliance on *Alden Leeds* is unavailing.  Def. Reply Br. at 20 (citing *Alden Leeds*, 476 F. App'x at 397; 19 U.S.C. § 1514(c)(3)).  In *Alden Leeds*, the suspension of liquidation had not been removed when Customs posted notices of deemed liquidation.  476 F. App'x at 395.  Nevertheless, the Federal Circuit stated that "the mere fact that the entries were not actually deemed liquidated is not controlling, and does not excuse Alden Leeds' obligation to file a protest."  *Id.* at 400.  However, the *Alden Leeds* decision did not address the amendments to § 1514(c)(3)(A) and § 159.9(c)(2)(iii), which as amended permit protest of a deemed liquidation only after the expiration of the appropriate statutory period — that is, only "*after but not before*" the actual deemed liquidation of the subject entries.  19 U.S.C. § 1514(c)(3)(A) (emphasis supplied); 19 C.F.R. § 159.9(c)(2)(i)-(iii) (stating protest of a deemed liquidation must be filed with 180 days of the date of deemed liquidation).  Moreover, more recent, binding decisions of the Federal Circuit establish that subparagraph (A) applies to "decisions . . . as to . . . liquidation" under § 1514(a)(5) and that subparagraph (A) mandates that protest be filed within 180 days of the date of liquidation.  *See Acquisition 362*, 59 F.4th at 1253-54 ("In general, duties are finally determined by liquidation.  The date of liquidation is the applicable date under § 1514(c)(3). . . .  There is no other 'date of decision as to which protest is made.'"); *Chemsol, LLC*, 755 F.3d at 1349-50; *Royal Brush Mfg., Inc. v. United States*, 75 F.4th 1250, 1256 (Fed. Cir. 2023); *see also George v. McDonough*, 991 F.3d 1227 (Fed. Cir. 2021) (declining to follow a nonprecedential decision that was in conflict with the reasoning of binding decisions).

Accordingly, defendant's contention that § 1514(c)(3)(B) applies and requires

protest irrespective of the liquidation status of the entries is contradicted by the terms of

the statute, Customs' regulations and decisions of the Federal Circuit.

In sum, the court concludes that the posting of deemed liquidation notices did not

liquidate the instant entries because the suspension of liquidation had not been

removed.  As such, the bulletin notices were not protestable under § 1514(a)(5).  The

court turns next to whether the bulletin notices were protestable "mistakes of fact" under

§ 1514(a).

### 3.   Whether Customs made a protestable "clerical error, mistake of fact, or other inadvertence" in an entry, liquidation, or reliquidation

Section 1514(a) provides that "any clerical error, mistake of fact, or other

inadvertence . . . adverse to the importer, in any entry, liquidation, or reliquidation" is

protestable.  To assist in understanding the relevant language, the court describes the

process by which "clerical error[s], mistake[s] of fact, or other inadvertence[s]" came to

be included in § 1514(a).  Then, the court turns to whether defendant made a

protestable "mistake of fact" under § 1514(a).

Prior to the MTTCA, 19 U.S.C. § 1520(c) permitted an importer to request from

Customs reliquidation of an entry "within one year *after the date of liquidation*" if a

"clerical error, mistake of fact, or other inadvertence . . . not amounting to an error in the

construction of a law" was made "in any entry [or] liquidation."  19 U.S.C. § 1520(c)

(2000) (repealed 2004) (emphasis supplied).  A claim under § 1520(c) was in addition to

the protest procedures under § 1514(a).  *See, e.g.*, *Black & White Vegetables Co. v.*

*United States*, 24 CIT 1380, 1383, 125 F. Supp. 2d 531, 536 (2000). The exclusion of

mistakes "amounting to an error in the construction of a law" from the purview § 1520(c) was designed to ensure that an importer could not bring a § 1520(c) claim to contest a Customs decision that should have been challenged within the relatively shorter protest period in § 1514, which at that time required protest within 90 days of the notice of liquidation.  *Id.*; *Zojirushi Am. Corp. v. United States*, 40 CIT __, __, 180 F. Supp. 3d 1354, 1364 (2016).

The MTTCA repealed § 1520(c).  *Zojirushi*, 40 CIT at __, 180 F. Suppl. 3d at 1364.  The MTCCA also inserted the phrase "clerical error, mistake of fact, or other inadvertence . . . in any entry, liquidation, or reliquidation" into § 1514(a).  *Id.*  As a result, the amended § 1514(a) required all challenges to a Customs decision pertaining to a liquidation to be brought within 180 days of the date of the liquidation.  *Id.*

Defendant argues that the posting of the erroneous bulletin notices was a protestable "mistake of fact" in the liquidation of the subject entries.  Def. Reply Br. at 17.  Specifically, defendant asserts that Customs "made a factual error" when Customs concluded incorrectly that Commerce had removed the suspension of liquidation of plaintiff's entries.  *Id.* at 18.

Plaintiff asserts that a "mistake of fact" is not protestable unless the entries have liquidated.  Pl. Resp. Br. at 15.  Plaintiff contends that since its entries were not liquidated there was no "mistake of fact . . . in a[] . . . liquidation" to protest.  *Id.* (citing 19 U.S.C. § 1514(a)).

The court applies "clerical error, mistake of fact, or other inadvertence" in § 1514(a) in view of the rule of statutory construction that when "'judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same

language in a new statute' is presumed to incorporate that interpretation." *Armstrong v.*
*Exceptional Child Ctr., Inc.*, 575 U.S. 320, 330 (2015) (quoting *Bragdon v. Abbott*, 524
U.S. 624, 645 (1998)).  The Federal Circuit and this Court had long interpreted §
1520(c) to require liquidation of the subject merchandise before a party could bring a §
1520(c) claim.  *See, e.g.*, *Omni U.S.A., Inc. v. United States*, 840 F.2d 912, 914 (Fed.
Cir. 1988).  There is no indication that the limitation in § 1520(c) requiring liquidation
before a claim could be brought to correct a mistake of fact was not incorporated also
into the amended § 1514(a).  As such, a "mistake of fact" in any entry, liquidation or
reliquidation may be protested only after the entry is liquidated.  *See Norsk Hydro*
*Canada, Inc. v. United States*, 472 F.3d 1347, 1352 (Fed. Cir. 2006) (stating that under
the current version of § 1514(a), protest of a Customs liquidation decision must be filed
within 180 days of liquidation, even if the decision "contains a 'clerical error, mistake of
fact, or other inadvertence'").

Accordingly, the court concludes that the posting of the instant bulletin notices of
deemed liquidation while liquidation of plaintiff's entries remained suspended did not
involve a protestable mistake of fact.  Defendant is correct that Customs made a factual
error when Customs concluded incorrectly that Commerce had removed the suspension
of liquidation.  Def. Reply Br. at 18.  However, by failing to liquidate plaintiff's entries,
Customs did not take the requisite step to render that factual error protestable.  *Norsk*
*Hydro Canada, Inc.*, 472 F.3d at 1352.

In sum, the court concludes that jurisdiction could not have been available under
28 U.S.C. § 1581(a) because the posting of the bulletin notices of deemed liquidation
while liquidation of the entries remained suspended was not protestable under §

1514(a).  *See Ford Motor Co. v. United States*, 688 F.3d 1319, 1328 (Fed. Cir. 2012)

("With no administrative action to protest, none of the jurisdictional avenues enumerated

in subsections (a) through (h) of § 1581 were available to [plaintiff]."); *see also LG*

*Elecs.*, 21 CIT at 1430, 991 F. Supp. at 676-77 ("Without the expiration of the statutory

period, there is no date to be noticed.  As the statutory period for protest never began to

run, plaintiff may bring suit under 28 U.S.C. § 1581(i) . . . .").

## II.   Whether this Court has jurisdiction to hear plaintiff's case under § 1581(i)

Jurisdiction under 28 U.S.C. § 1581(a) is not, nor could it have been, available in

the instant action, as the bulletin notices of deemed liquidation were not protestable

under § 1514(a).  The court considers whether it can exercise its residual jurisdiction

under § 1581(i).

Plaintiff invokes this Court's jurisdiction under 28 U.S.C. § 1581(i)(1)(B) and (D).

Section 1581(i)(1)(B) and (D) grant the Court exclusive jurisdiction over any civil action

that arises out of any law of the United States providing for "tariffs, duties, fees, or other

taxes on the importation of merchandise," as well as the "administration and

enforcement with respect to" such tariffs, duties, fees or other taxes.

However, an importer cannot invoke this Court's jurisdiction under § 1581(i)

when another subsection is or could have been available, unless the remedy provided

under that section would be manifestly inadequate.  *Consol. Bearings*, 25 CIT at 546,

166 F. Supp. 2d at 583.  28 U.S.C. § 1581(a) grants the Court exclusive jurisdiction over

"any civil action commenced to contest the denial of a protest" filed pursuant to §

1514(a).

As already noted, the court concludes that jurisdiction could not have been available under § 1581(a) because under § 1514(a), no protest was required to contest the bulletin notices of deemed liquidation.  *See supra* Section I.

Accordingly, the court has jurisdiction over counts one and two of plaintiff's complaint under § 1581(i).  In count one, plaintiff seeks a declaratory judgment that Customs' designation of plaintiff's entries as deemed liquidated is void and that liquidation of plaintiff's entries remains suspended.  Compl. ¶¶ 49-53 (citing 28 U.S.C. § 2201(a); 28 U.S.C. § 2643(c)(1)).  In count two, plaintiff seeks also an order by this Court under the Administrative Procedure Act setting aside the designation of its entries as deemed liquidated and compelling defendant to correct the liquidation status of the 80 entries.  *Id.* ¶¶ 55-59 (citing 5 U.S.C. § 706).  As to these two requests for relief, plaintiff has stated valid claims upon which relief can be granted.

As for count three of plaintiff's complaint, plaintiff asserts that "[t]o the extent that [Customs'] designation . . . caused actual liquidation to occur," plaintiff is entitled to an order from this Court "setting aside the unlawful liquidation."  Compl. ¶¶ 61-64.  However, the court concludes that the posting of bulletin notices of deemed liquidation in the instant case did not liquidate plaintiff's entries.  *See supra* Section I.B.2.  Accordingly, count three of plaintiff's complaint is dismissed as moot.

In addition, the court notes that the question of jurisdiction is intertwined with the merits of plaintiff's claim.  Defendant asserts that the court lacks subject matter jurisdiction under 28 U.S.C. § 1581(i) because jurisdiction "could have been available" under § 1581(a).  Def. Mot. to Dismiss at 7-8.  To determine whether jurisdiction "could have been available" under § 1581(a), the court was required to address plaintiff's

position on the merits that the entries were not and have not been liquidated.  As noted,

the court concludes that the entries were not and could not have been liquidated.

Moreover, it is undisputed that Commerce had not removed the suspension of

liquidation of plaintiff's entries at the time that Customs posted the bulletin notices of

deemed liquidation.  Def. Reply Br. at 10 (describing Customs' actions as "apparent

error" because Commerce had instructed Customs that liquidation of plaintiff's entries

remained suspended); Pl. Resp. Br. at 2.  Defendant has submitted exhibits

substantiating that fact.  *See* Bishop Decl. ¶ 5; Message No. 0079405.  As such, the

court has examined all the materials necessary to reach a decision on the merits.

In sum, in reaching a determination as to the court's jurisdiction under § 1581(i),

the court has concluded that plaintiff's entries were not liquidated, as the suspension of

liquidation was still in place and the bulletin notices of deemed liquidation could not

operate to liquidate plaintiff's entries.  As a consequence, the court declares that the

designation of plaintiff's entries as deemed liquidated is null and void and that, as a

result, such designation is set aside.  Further, the court directs Customs to correct the

liquidation status of plaintiff's entries in accordance with Commerce's original set of

instructions, pending the outcome of any further administrative proceedings or

binational panel review under the United States Mexico Canada Agreement.  The court

directs Customs to file with the court the corrected liquidation status of plaintiff's entries

within 90 days of the date of this opinion and order.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion to dismiss is **DENIED**; it is further

**ORDERED** that count three of plaintiff's complaint is **DISMISSED** as moot; it is further

**ORDERED** that plaintiff's request for a declaratory judgment that the designation of plaintiff's entries as deemed liquidated is null and void is **GRANTED**; it is further

**ORDERED** that the designation of plaintiff's entries as deemed liquidated is set aside; it is further

**ORDERED** that Customs correct the liquidation status of plaintiff's entries in accordance with Commerce's original set of instructions, pending the outcome of any administrative proceedings or binational panel review per above; and it is further

**ORDERED** that Customs file with the court the corrected liquidation status of plaintiff's entries within 90 days of the date of this opinion and order.

/s/      Timothy M. Reif
Timothy M. Reif, Judge

Dated:     January 25, 2024
New York, New York